UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Transamerica Life Insurance Co.

   v.                        Civil No. 05-cv-269-JD

Estate of Michael Fritz


O R D E R

This case originated in Hillsborough County (New Hampshire) Probate Court in March of 2004 when Transamerica Life Insurance Company filed a petition to interplead a variable annuity policy owned by Michael E. Fritz, who died February 22, 2002. The petition states that Rosemary T. Fritz ("Rosemary T."), of Salem, Massachusetts, and Rosemarie L. Fritz ("Rosemarie L."), of Amherst, New Hampshire, both claim the right to the full value of the policy. An order of notice to the claimants was issued by the probate court on April 27, 2004. The case proceeded in probate court until June 22, 2005, when the probate court judge issued an order transferring the case to the Hillsborough County Superior Court, citing issues of subject matter jurisdiction and counterclaims.

On July 22, 2005, Rosemarie L. filed a notice of removal in this court. Rosemary T. objects to removal and moves to remand the case to state court. Transamerica has filed a response to Rosemary T.'s motion to remand. Rosemarie L. has not responded

to the motion to remand.

Rosemary T. contends that the notice of removal was untimely under 28 U.S.C. § 1446(b).  Pursuant to § 1446(b), a defendant must file her notice of removal within thirty days after she receives a copy of the initial pleading setting for the claim or after service of the summons, whichever period is shorter.  It appears to be undisputed that Rosemarie L. received a copy of the initial pleading or was served with a summons before June of 2004, but she did not file the notice of removal in this court until July 22, 2005, more than a year later.

For reasons that are not explained, Rosemarie L. and Transamerica assumed that the case was removable within thirty days of the date of the probate court's order transferring the case to the superior court, June 22, 2005.  The date of that order, however, was not the date Rosemarie L. first received a copy of the petition to interplead or when she was served with summons in this case.  Therefore, the date of the probate court's transfer order is not pertinent to the question of whether the notice of removal was timely.  Because the notice of removal was not timely filed, the case must be remanded.

<u>Conclusion</u>

For the foregoing reasons, the claimant's motion to remand (document no. 4) is granted. The plaintiff's motion to consolidate (document no. 7) and all other pending motions are terminated.

The clerk of court shall remand this case to the Hillsborough County Superior Court, Northern District.

SO ORDERED.

                                                    /s/ Joseph A. DiClerico, Jr.
                                                    Joseph A. DiClerico, Jr.
                                                    United States District Judge

September 12, 2005

cc:   John J. Cronin, III, Esquire
      Michael S. DeLucia, Esquire
      Joanna Kristin Howorth, Esquire
      Vincent A. Wenners, Jr., Esquire
      Daniel J. Connolly, Esquire
      James R. Knudsen, Esquiore
      Chris Winton-Henderson, Esquire